NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3056

CHERYL K. CROWE,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Cheryl K. Crowe, of Saint Paul, Minnesota, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T.Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3056

CHERYL K. CROWE,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0432070133-I-1.

_____

DECIDED:    April 11, 2008

_____

Before GAJARSA, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Cheryl K. Crowe appeals the final order of the Merit Systems Protection Board (Board) denying her petition for review regarding her performance-based removal. <u>Crowe v. Dep't of Agric.</u>, No. CH0432070133-I-1 (Sept. 4, 2007).  When the Board denied review, the AJ's decision became the final decision of the Board.  For the reasons set forth below, we <u>affirm</u>.

BACKGROUND

On April 22, 1979, at the age of 17, Ms. Crowe began employment with the United States Department of Agriculture.  By July 1, 2002, Ms. Crowe had taken on the title of Human Resources Assistant with the agency's Animal and Plant Health

Inspection Service in Minneapolis, Minnesota. Her duties in this position included preparing vacancy announcements for positions in the agency and assessing the eligibility of applicants applying for these vacancies.

On August 19, 2003, Ms. Crowe received and signed a performance plan for a two-level performance appraisal program covering a one-year review period from July 1, 2003 to June 30, 2004. Under the performance plan, Ms. Crowe's work performance was to be evaluated pursuant to four critical job elements: (1) Eligibility and Qualifications Determinations; (2) Preparation of Vacancy Announcements; (3) Customer Service; and (4) Communications. The performance plan outlined the level of performance expected to achieve a rating of "fully successful" for each element.

On July 14, 2004, Ms. Crowe received a rating of "unacceptable" for the first critical element, "Eligibility and Qualifications Determinations," and "fully successful" for the latter three critical elements. Because of her "unacceptable" rating, Ms. Crowe was placed on a sixty-day performance improvement plan. Ms. Crowe's supervisor notified her by letter that all of her work product and performance would be reviewed and monitored closely during the performance improvement period. The letter summarized deficient areas in Ms. Crowe's performance that resulted in the "unacceptable" rating and provided suggestions for improving her performance. The letter also warned Ms. Crowe that, should she fail to improve her performance to a fully successful level and maintain such a level for at least one year, the supervisor would recommend that she be removed from her position.

On September 16, 2004, at the end of the performance improvement period, Ms. Crowe's supervisor informed her by a second letter that her performance remained at

an unacceptable level for the "Eligibility and Qualifications Determinations" critical element. The letter specifically noted that Ms. Crowe had processed only half of the announcements assigned to her during the sixty-day period and that 25% of the processed announcements contained errors. However, taking into consideration the fact that Ms. Crowe had processed a limited number of files, the supervisor extended her performance improvement period for another sixty days to give her the opportunity to improve her performance to an acceptable level. As before, the letter summarized the areas of deficiencies in Ms. Crowe's performance and provided suggestions for improvement. The letter also reiterated that the supervisor would recommend removal should Ms. Crowe fail to improve her performance to a fully successful level.

At the completion of her extended performance improvement period, the supervisor determined that the error rate of Ms. Crowe's assignments had increased to 33%. Consequently, on December 10, 2004, the agency issued Ms. Crowe a notice of a proposal to remove her from employment as her performance under the critical element in question remained unacceptable. On February 17, 2005, the agency issued its decision removing Ms. Crowe from employment, effective February 18, 2005.

Ms. Crowe appealed the agency's removal action to the Board on November 13, 2006. On April 4, 2007, the AJ issued an initial opinion sustaining the agency's removal action, which Ms. Crowe appealed to the full Board. The Board denied her petition for review, and the AJ's decision became the final decision of the Board.

Ms. Crowe filed an appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of Board decisions is limited to setting aside agency actions, findings, or conclusions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). When reviewing decisions regarding performance-based actions covered by 5 U.S.C. §§ 4301 et seq., "both the Board and the courts should give deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." Lisiecki v. Merit Sys. Prot. Bd., 769 F.2d 1558, 1562 (Fed. Cir. 1985) (internal citation omitted).

The AJ sustained the agency's removal decision based on, inter alia, findings of substantial evidence that the agency had (1) provided Ms. Crowe with written notice of the performance standards regarding the "Eligibility and Qualifications Determinations" critical element in her performance plan, which Ms. Crowe signed herself on August 19, 2003 and January 29, 2004, (2) outlined the specific bases for her unacceptable performance rating, and (3) afforded her two separate sixty-day performance improvement periods along with suggestions for improvement.

Ms. Crowe raises a number of affirmative defenses on appeal, but has not identified any law that was incorrectly applied, facts that were incorrectly decided, or facts in the record that the AJ failed to consider that would call into question the Board's decision. While we appreciate the petitioner's length of service with the agency, we

2008-3056                                          4

must affirm the final decision of the Board because it is supported by substantial evidence.

COSTS

No costs.